UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROSANNE RYBURN,

        Plaintiff,

   v.

NORMAN MINETA, et. al,

        Defendants.

CASE NO. C05-1375-JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on a motion to file exhibits under seal by Defendants Norman Mineta and the Federal Aviation Administration ("FAA") (Dkt. #23). The court GRANTS the motion; however, for the reasons stated below, the court will not consider the evidence unless Defendants refile their exhibits without seal within 10 days of this order. Defendants may redact personally identifying information contained in the exhibits.

## II. BACKGROUND

Plaintiff Rosanne Ryburn filed suit on August 9, 2005 alleging employment discrimination against her employer, the FAA. On September 12, 2006, Defendants

ORDER – 1

moved to file certain declaration exhibits under seal (Dkt. # 23).  Defendants offer the exhibits in support of their motion for summary judgment (Dkt. # 20).

The exhibits at issue include Exhibit A to the Declaration of Robert Breneman, and Exhibits H and I to the Declaration of John Barrett.  Mr. Breneman has supervised Ms. Ryburn since the beginning of 2003.  Breneman Exhibit A contains Mr. Breneman's job description, salary, and various documents summarizing discussions between Mr. Breneman and Ms. Ryburn concerning her taking of annual leave.  Mr. Barrett is a manager within the FAA division in which Ms. Ryburn works.  Barrett Exhibit H contains the job application of Peter Skaves, who the FAA hired for a position that Ms. Ryburn unsuccessfully applied for in 2002.  Barrett Exhibit I contains Ms. Ryburn's application for that position.

### III.   ANALYSIS

Under Local Civil Rule 5(g)(1) the court may order the sealing of files only on a "compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting files, records, or documents from public review."  Local Rule W.D. Wash. 5(g)(1).  There is a strong presumption in favor of public access to the court's files and records.  Id.

The public's right of access is justified by the interests of citizens in "keeping a watchful eye on the workings of public agencies."  Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978).  The right of public access to judicial records extends to materials submitted in connection with motions for summary judgment.  San Jose Mercury News, Inc. v. U.S. Dist. Ct., 187 F.3d 1096, 1102 (9th Cir. 1999).

Defendants argue that there is good cause to file the exhibits under seal because the documents contain employment and salary information.  This conclusory assertion does not provide a compelling reason to exclude these exhibits from the public record.

ORDER – 2

1  Generalized privacy interests in employment and salary information do not outweigh the
2  presumption in favor of public access.  The court notes, however, that the exhibits
3  contain personally identifying information, including social security numbers and dates of
4  birth.  While the individual employees have a compelling interest in protecting this
5  information, such concerns do not justify a complete bar to public access.  Defendants
6  can easily redact social security numbers, dates of birth, and personal contact
7  information.

## IV.  CONCLUSION

In order to preserve the above referenced personally identifying information contained in the exhibits, the court GRANTS Defendants' motion to file exhibits under seal (Dkt. # 23).  The court will not, however, consider the evidence unless Defendants refile the exhibits not under seal within 10 days of this order.

DATED this 20th day of October, 2006.

JAMES L. ROBART
United States District Judge

ORDER – 3