UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROSANNE RYBURN,

           Plaintiff,

  v.

NORMAN MINETA, et. al,

           Defendants.

CASE NO. C05-1375JLR

ORDER

## I.   INTRODUCTION

This matter comes before the court on a motion for summary judgment from Defendants Norman Mineta and the Federal Aviation Administration ("FAA") (Dkt. # 20). Plaintiff Rosanne Ryburn does not oppose the motion, nor has she requested oral argument. For the reasons stated below, the court GRANTS the motion.

## II.   BACKGROUND

Ms. Ryburn, who is 48 years-old, began working for the FAA in 1990. Compl. ¶ 5.1. She is currently an Aerospace Engineer in the Foreign Certification Branch of the FAA in Renton, Washington. Id. Ms. Ryburn apparently suffers from a sleep disability,

ORDER – 1

Excessive Sleep Disorder.[1]  Id. ¶ 5.4.  According to Ms. Ryburn, her disability causes her to wake up later in the day, which calls for a nontraditional work schedule.  Id.

Ms. Ryburn's complaint alleges numerous discriminatory actions on the part of her employer.  These allegations fall under five general claims: failure to promote, disparate treatment, hostile work environment, failure to accommodate a disability, and retaliation.  Ms. Ryburn alleges that Defendants violated Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et. seq.* ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 626 *et. seq.* ("ADEA"), and the Rehabilitation Act, 29 U.S.C. § 791, *et. seq.*[2]  Ms. Ryburn's complaint comprises her only effort to describe or support her allegations.

Defendants produce a volume of evidence in support of their motion for summary judgment.  In general, Defendants' argue that Ms. Ryburn is an employee with a history of prolonged absences from work, delays in the completion of assignments, and troubled relations with her supervisors.  Defendants contend that the employment actions Ms. Ryburn complains of either did not occur or were legitimate responses to her workplace behavior and absences.  Defendants offer evidence showing that they have permitted Ms. Ryburn to take extensive amounts of leave from work and have allowed her to start her workday at a later time in order to accommodate her disability.

---

[1] Defendants supply the court with documentation of this disorder.  In a May 2003 letter addressed to the FAA, Ms. Ryburn's physician stated that Ms. Ryburn suffers from "chronic insomnia and idiopathic hypersomnolence" which can cause "difficulty with memory, concentration, extreme fatigue, inappropriate sleep episodes, depression, anxiety, and irritability."  See Barrett Decl., Ex. M.

[2] Ms. Ryburn purports to sue under the American with Disabilities Act, 42 U.S.C. § 12101 *et. seq.* ("ADA"); however, as a federal employee, her claim falls under the Rehabilitation Act.

ORDER – 2

## III. ANALYSIS

In considering Defendants' motion, the court must draw all inferences from the admissible evidence in the light most favorable to the non-moving party. Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the opposing party must show that there is a genuine issue of fact for trial. Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The opposing party must present significant and probative evidence to support its claim or defense. Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). Where a question presented is purely legal, summary judgment is appropriate without deference to either party.

When the non-moving party fails to oppose a summary judgment motion, the court must still apply the above standards consistent with Fed. R. Civ. P. 56(c). Henry v. Gill Indus., Inc., 983 F.2d 943, 949-50 (9th Cir. 1993) (holding that court may not grant summary judgment merely because motion is unopposed, even where local rules are to the contrary). The court must determine if the moving party has shown that there is no genuine issue of material fact requiring a trial. See id. at 950.

ORDER – 3

**A.     There Is No Genuine Issue of Material Fact as to Whether Ms. Ryburn Experienced Sex or Age Discrimination.**

The court first turns to Ms. Ryburn's claims of sex and age discrimination, specifically her allegations that Defendants failed to promote her and took adverse employment actions against her.[3]

Absent direct evidence of discrimination, Ms. Ryburn may prove her case through circumstantial evidence under the burden-shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-3 (1973).[4]  To withstand summary judgment on an age or sex discrimination claim, a plaintiff must provide some evidence to meet the shifting burdens of proof that she would face at trial.  First, a plaintiff must establish a prima facie case by providing evidence that gives rise to an inference of unlawful discrimination.  Lyons v. England, 307 F.3d 1092, 1112 (9th Cir. 2002).  A prima facie case creates a rebuttable presumption that the defendant employer can counter by showing facially non-discriminatory reasons for its actions.  Id.  If the employer sustains this burden, the plaintiff must then demonstrate that the proffered nondiscriminatory reason is merely a pretext for discrimination.  The plaintiff can prove pretext either "(1) indirectly, by

---

[3]Defendants contend that they are entitled to summary judgment because Ms. Ryburn failed to bring proper administrative complaints concerning a number of the incidents she describes in her complaint.  See Opp'n at 18.  The presentment of discrimination complaints to an appropriate administrative agency is a prerequisite to a Title VII claim.  See Sommatino v. United States, 255 F.3d 704, 708 (9th Cir. 2001).  Ms. Ryburn's history of administrative complaints is lengthy and complicated.  See Barrett Decl.  For purposes of this motion, unless otherwise noted, the court assumes that Ms. Ryburn's numerous EEOC complaints are broad enough to establish jurisdiction and to allow the court to reach the substance of her claims.

[4]Although McDonnell Douglas concerns Title VII, the same legal framework also governs Ms. Ryburn's age discrimination claim under the ADEA.  See Rose v. Wells Fargo & Co., 902 F.2d 1417, 1420 (9th Cir. 1990) ("The shifting burden of proof applied to a Title VII discrimination claim also applies to claims arising under ADEA.").

ORDER – 4

showing that the employer's proffered explanation is 'unworthy of credence' because it is internally inconsistent or otherwise not believable, or (2) directly, by showing that unlawful discrimination more likely motivated the employer." Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1220-22 (9th Cir. 1998).

### 1. Ms. Ryburn's Failure to Promote Claim

Ms. Ryburn claims that Defendants failed to promote her in 2002 on the basis of her sex or age. See Compl. ¶¶ 5.8-5.11, 6.2, 8.2.[5] Defendants offer evidence that the FAA's decision not to promote Ms. Ryburn to the position of Senior Aerospace Engineer was based on non-discriminatory reasons. Ms. Ryburn fails to offer any evidence to suggest that the FAA's non-discriminatory reasons are pretexutal.

To establish a prima facie case of discrimination based on Defendants' failure to promote her, Ms. Ryburn must offer proof: (1) that she belongs to a protected class of persons; (2) that she was qualified for the position to which she wished to be promoted; (3) that she was denied a promotion to that position; and (4) the job went to someone outside the protected class. See Coughlan v. Amer. Seafoods Co., 413 F.3d 1090, 1094 (9th Cir. 2005).

Defendants do not contest that Ms. Ryburn can make a prima facie showing of failure to promote based on her 2002 application for the Senior Aerospace Engineer position. When Ms. Ryburn applied for the position, she possessed the minimum qualifications as described by the job announcement. See Defs.' Mot. at 5-6. The FAA

---

[5] Ms. Ryburn's complaint also alleges that she was denied promotions to three positions in 2001. See Compl. ¶ 5.6. The complaint provides no further details. Moreover, Defendants produce evidence showing that Ms. Ryburn did not seek administrative review of any promotional decisions in 2001. For these reasons, the court considers only the alleged failure to promote in 2002.

ORDER – 5

selected Peter Skaves for the position over Ms. Ryburn and two other applicants. See Barrett Decl., Ex. G.

Although Ms. Ryburn makes out a prima facie case, her claim ultimately fails because Defendants supply unanswered evidence of facially non-discriminatory reasons for their decision to hire Mr. Skaves over Ms. Ryburn. The hiring manager ranked Ms. Ryburn fourth out of the four applicants for the position. See Barrett Decl. ¶ 10, Ex. G. Defendants contend that the FAA selected Ms. Skaves because he was a nationally recognized expert in Communication, Navigation, and Surveillance ("CNS") programs. Id. Most significantly, Mr. Skaves had relevant experience in Seattle's ongoing CNS programs, a quality that the hiring manager preferred. See Barrett Decl. ¶ 11, Ex. H. The hiring manager noted that Ms. Ryburn lacked any experience with or knowledge of specific CNS programs underway in Seattle. See Barrett Decl. ¶ 10, Ex. G.

Ms. Ryburn fails to produce any evidence showing that the Defendants' proffered reasons are mere "pretext for discrimination" based on her sex or age. See Lyons, 307 F.3d at 1112. Accordingly, the court grants summary judgment on Ms. Ryburn's discrimination claim based on her application to the Senior Aerospace Engineer position.

**2.      Ms. Ryburn's Disparate Treatment Claims**

Ms. Ryburn claims that Defendants subjected her to discrimination on the basis of her sex or her age because they delayed in responding to or denied her requests for leave and because they disciplined her for "conduct that other employees also engaged in." See Compl. ¶¶ 6.2, 8.2. In this instance, Ms. Ryburn fails to even allege sufficient facts to support a prima facie case. Defendants' uncontested evidence warrants dismissal of Ms. Ryburn's disparate treatment claims.

To establish a prima facie case of disparate treatment, a plaintiff must show that: (1) she belongs to a protected class, (2) she was performing according to her employer's

ORDER – 6

legitimate expectations, (3) she suffered an adverse employment action, and (4) other employees with qualifications similar to her own were treated more favorably. McDonnell Douglas, 411 U.S. 792, 802-3. Under the fourth prong, similarly situated employees must "have similar jobs and display similar conduct." Vasquez v. County of Los Angeles, 349 F.3d 634, 641 (9th Cir. 2003).

The court begins with Ms. Ryburn's allegation that Defendants delayed granting her 2003 request to take annual leave. Compl. ¶ 5.17.[6] Defendants's offer evidence indicating that in March 2003, a supervisor briefly delayed approval of Ms. Ryburn's request for leave while he waited for Ms. Ryburn to inform him when she could complete work assignments that were substantially overdue. Breneman Decl. ¶ 4, Ex. A. Under FAA policy, requests for leave may be considered in light of current and anticipated workloads. Id. Defendants offer evidence that Ms. Ryburn's supervisor granted her request less than one day after Ms. Ryburn identified when she would commence working on her overdue assignments. Ms. Ryburn fails to offer any evidence suggesting that Defendants responded more favorably to a "similarly situated" employee. Moreover, Defendants' evidence supports the existence of a non-discriminatory reason for a brief delay; Ms. Ryburn herself delayed in reporting on her workload progress. There is no evidence before the court to suggest that Defendants' proffer of this neutral justification is pretexutal.

The court next turns to Ms. Ryburn's unsupported allegation that she was subject to numerous disciplinary actions for discriminatory reasons. Defendants offer evidence to show that they did not, as Ms. Ryburn contends, issue a "disciplinary memo" against

---

[6]Ms. Ryburn's complaint refers to requests for leave in both March and June 2003. Compl. ¶ 5.17. The court cannot address the June 2003 request because there is no evidence before the court concerning this request beyond Ms. Ryburn's conclusory allegation.

ORDER – 7

her in March 2001.  See Barrett Decl. ¶ 4.  Contrary to Ms. Ryburn's contention, Defendants offer evidence to show that they did not change her "Performance Outcomes" document  in fiscal year 2001.  See Barrett Decl. ¶ 5, Ex. B.  Finally, Defendants offer evidence to show that they did not place a letter of reprimand in Ms. Ryburn's personnel file in response to her violation of email policies in 2002.  See Barrett Decl. ¶ 14, Ex. K.

Furthermore, Defendants submit evidence suggesting that Ms. Ryburn has a history of prolonged absences from work and troubled relations with her management.  See generally Barrett Decl.  To the extent that the FAA has imposed any restrictions on Ms. Ryburn's conditions of employment, Defendants' evidence indicates that those actions were based on non-discriminatory reasons.  For instance, Ms. Ryburn's supervisor contends that he restricted her authority to travel overseas in early 2002 because she employed deception in order to take an improper and unreasonably costly trip to Sweden.  See Barrett Decl., Ex. C.  According to Ms. Ryburn's supervisor, he required her to teleconference from the office only after he discovered that she was participating in teleconferences from home without authorization and claiming work hour credits for that time.  See Breneman Decl., Ex. B.

In sum, Defendants unanswered evidence indicates that they did not discriminate against Ms. Ryburn on the basis of her sex or age.  To the extent that Ms. Ryburn experienced a brief delay in obtaining approval for taking leave, restrictions on her discretion to travel, and restrictions on her ability to participate in teleconferences from home, Defendants provide evidence that these actions were based on reasons independent of Ms. Ryburn's sex or age.  The court concludes that Ms. Ryburn's disparate treatment claims do not survive summary judgment because the evidence before the court does not raise material issues of fact warranting trial.

ORDER – 8

**B.  There Is No Genuine Issue of Material Fact as to Whether Ms. Ryburn Experienced Discrimination on the Basis of Her Disability.**

Ms. Ryburn claims that she was discriminated against on the basis of her disability, Excessive Sleep Disorder ("ESD"). Compl. ¶¶ 9.1-9.4.

As noted above, as a federal employee, Ms. Ryburn's disability claim falls under the Rehabilitation Act, 29 U.S.C. § 791, *et. seq.* The court must initially determine whether Ms. Ryburn is a person with a disability. See Coons v. Sec'y, U.S. Dept. of the Treasury, 383 F.3d 879, 884 (9th Cir. 2004). For purposes of this motion, Defendants do not contest that Ms. Ryburn provided her employer with evidence of a physical impairment, ESD, that substantially limits a major life activity, sleeping. See id.; Defs.' Mot. at 20.

If an employee notifies her employer of a desire for accommodation, the Rehabilitation Act requires an employer to engage in an "interactive process" to "clarify what the individual needs and identify the appropriate accommodation." Vinson v. Thomas, 288 F.3d 1145, 1148 (9th Cir. 2002) (internal citation omitted). An employer's obligation is triggered only when "an employee requests an accommodation or an employer recognizes the employee needs an accommodation but the employee cannot request it because of a disability." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1089 (9th Cir. 2002) (internal citation omitted).[7]

Here, Ms. Ryburn does not allege that Defendants discriminated against her in the process of accommodating her request to start work later in the day. Indeed, the evidence indicates that Ms. Ryburn received the accommodation that she sought: a 9:30 am start to her official workday. See Barrett Decl., Ex. M.

---

[7] Authority construing the ADA is relevant in Rehabilitation Act cases because "there is no significant difference in the analysis of rights and obligations created by" the ADA and the Rehabilitation Act. See Vinson, 288 F.3d at 1152, n.7.

ORDER – 9

The court is not aware of any evidence that Ms. Ryburn specifically requested any other accommodation for her ESD. Defendants produce evidence showing that although Ms. Ryburn did not frame her numerous requests for annual leave as requests for disability accommodation, Ms. Ryburn's supervisor nevertheless allowed her to take substantial amounts of time off work. See Breneman Decl., Ex. C.[8] The court grants summary judgment because Defendants' unanswered evidence indicates that Ms. Ryburn did not experience disability discrimination.

**C.    There Is No Genuine Issue of Material Fact as to Whether Ms. Ryburn Suffered a Hostile Work Environment.**

Ms. Ryburn also claims that her employer subjected her to a hostile work environment. See Compl. ¶ 7.2. The court likewise dismisses this claim.

In order to prevail on a hostile work environment claim, Ms. Ryburn must demonstrate that her workplace environment "was permeated . . . with discriminatory intimidation that [was] sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." Brooks v. City of San Mateo, 229 F.3d 917, 923 (9th Cir. 2000) (citing Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)).

The court declines to describe in detail Ms. Ryburn's litany of unsupported contentions concerning an alleged hostile work environment. See Compl. ¶ 5.5 (a)-(n). Defendants produce evidence indicating that the actions Ms. Ryburn refers to in her complaint either never occurred or occurred for non-discriminatory reasons. For

---

[8]During 2004, Ms. Ryburn was absent from work for nearly all of an eight-month period from March through November. See Breneman Decl., Ex. C. She exhausted her paid sick and annual leave. Id. In August 2004, Ms. Ryburn requested advanced sick leave but did not provide the requisite medical documentation. Id. Ms. Ryburn's supervisor granted her leave without pay for substantial periods of time during the remainder of the year. Id. Between January 9 and August 8, 2005, Ms. Ryburn was absent for 82 out of 146 total workdays. See Breneman Decl. ¶ 12, Ex. G.

ORDER – 10

example, Defendants' evidence shows that Ms. Ryburn was "subjected to leave without pay in 2004" because she had already exhausted all available paid leave due to her months of absences. Breneman Decl. ¶ 7, Ex. C. Defendants' evidence shows that they indeed removed Ms. Ryburn from overseeing a Joint Aviation Activity Program; but that this removal was motivated by Ms. Ryburn's prolonged absences. Id. Defendants' evidence suggests that they did not deny Ms. Ryburn the opportunity to serve as an EEO counselor in 2003; rather, she voluntarily gave up that position when it conflicted with a union position that she preferred to keep. Barrett Decl, ¶ 6, Ex. W.

Confronted solely with Defendants' evidence, the court concludes that no genuine issues of material fact exist surrounding the existence of an allegedly hostile work environment. The court grants summary judgment on this claim.

**D.     There Is No Genuine Issue of Material Fact as to Whether Defendants Retaliated Against Ms. Ryburn.**

Ms. Ryburn claims that Defendants retaliated against her for "complain[ing] about unlawful employment practices." Compl. ¶¶ 10.1-10.3.

A claim for retaliation requires that Ms. Ryburn show: (1) involvement in a protected activity, (2) an adverse employment action, and (3) a causal link between the two. See Brooks, 229 F.3d at 928. Thereafter, the burden of production shifts to the employer to present legitimate reasons for the adverse employment action. Id. Once the employer carries this burden, a plaintiff must demonstrate a genuine issue of material fact as to whether the reason advanced by the employer was a pretext. Id. Only then does the case proceed beyond the summary judgment stage. Id.

Ms. Ryburn's unsupported allegations do not raise triable issues of fact concerning her retaliation claim. Defendants produce evidence suggesting that a number of the events that Ms. Ryburn claims were "adverse actions" never occurred. Moreover, there is

ORDER – 11

no evidence before the court to suggest a causal connection between Ms. Ryburn's involvement in a protected activity and an adverse employment action. Defendants produce evidence of facially non-discriminatory motivations for their employment actions. For instance, as discussed above, Defendants' evidence indicates that they placed restrictions on Ms. Ryburn's ability to travel overseas and participate in telephone conferences from home in response to Ms. Ryburn's allegedly deceitful behavior. See Barrett Decl. Ex. C; Breneman Decl. Ex. B. Indeed, Defendants produce a volume of evidence suggesting that Ms. Ryburn's troubled relations with her supervisors flowed from Ms. Ryburn's own absences and work performance. See generally Barrett Decl., Breneman Decl. There is no evidence before the court to suggest that Defendants' proffered reasons are pretextual.

Faced solely with Defendants' uncontested evidence, the court concludes that no genuine issues of material fact exist to warrant trial on Ms. Ryburn's retaliation claim.

### IV.  CONCLUSION

For the reasons stated above, the court GRANTS Defendants' motion (Dkt. # 20) and directs the clerk to enter judgment in favor of Defendants.

DATED this 1st day of November, 2006.

_____
JAMES L. ROBART
United States District Judge

ORDER – 12